UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMEL WASHINGTON,<br><br>                        Plaintiff,<br><br>-against-<br><br>THE PEOPLE OF THE STATE OF NEW YORK; ALEXANDER B. JEONG; MICHAEL E. McMAHON; KATE C. MALLOY,<br><br>                        Defendants. | 25-CV-2485 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in the Eric M. Taylor Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in connection with his pending criminal proceedings in the Richmond County Supreme Criminal Court. Named as Defendants are the "People of the State of New York"; Richmond County Criminal Court Judge Alexander B. Jeong; Richmond County District Attorney Michael E. McMahon; and Richmond County Assistant District Attorney Kate C. Malloy. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff sues a Richmond County judge and Richmond County prosecutors, and alleges that they violated his rights during his criminal proceedings in Richmond County.[1] Although Plaintiff does not plead residential addresses for any of the defendants, he provides Richmond County business addresses for each of them. Richmond County is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Even if the Court did assume that at least one defendant resides in this District and that venue is proper under Section 1391(b)(1) both here and in the Eastern District of New York, because the events giving rise to Plaintiff's claims occurred in Richmond County, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

---

[1] To the extent that, by naming the "People of the State of New York" as a defendant, Plaintiff is seeking to sue the State of New York, those claims would be barred by the Eleventh Amendment. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . .").

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Richmond County, where Defendants are employed and where the criminal prosecution that is the subject of Plaintiff's claims is proceeding. It is reasonable to expect that the relevant documents and witnesses also would be in Richmond County. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 27, 2025
            New York, New York

                                                /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                            Chief United States District Judge